WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Antonio Baca,<br><br>        Petitioner,<br><br>v.<br><br>Warden Hudson,<br><br>        Respondent. | No. CV-25-00276-TUC-JCH (LCK)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Juan Baca has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. LRCiv 72.2(a)(2). Before this Court are the Petition (Doc. 5), Respondent's Answer (Doc. 19), and Petitioner's Reply (Doc. 27). The Magistrate Judge recommends the District Court, after its independent review of the record, deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

The background information below is set forth in a Declaration of Michael Amos, Management Analyst at the Designation and Sentence Computation Center:

> 4. On December 11, 2020, the Petitioner was arrested by Amarillo Police Department in Potter County, Texas for Possession of a Firearm, and Drug Paraphernalia. The State did not pursue these charges, however, continued to hold him for parole violations on case 48,664-B.
>
> 5. On December 23, 2020, the Petitioner was borrowed on Writ of Habeas Corpus [Ad Prosequendum] and placed in the custody of the United States Marshals Service. *See* Attachment 1.

> 6. On September 21, 2021, the Petitioner was sentenced on case 2:20-CR-123-Z-BR-(1) out of the Northern District of Texas, to 69 months consecutively to case 48,664-B Potter County[,] Texas. *See* Attachment 2.
>
> 7. On October 4, 2021, Petitioner was returned to the State of Texas. On October 29, 2021, the Petitioner's parole was revoked. *See* Attachments 3, 4.
>
> 8. On June 30, 2022,[1] the Petitioner was paroled from Texas Department of Criminal Justice to the federal detainer. On that day . . . his federal sentence computation began.

(Doc. 19, Ex. A.)

Petitioner initiated this habeas case in the Northern District of Texas where he was convicted and sentenced. (Doc. 3.) Upon review of the Amended Petition, that court concluded Petitioner had raised habeas claims arising under both § 2241 and § 2255. (Doc. 11 at 2.) The Court severed the § 2241 claim—seeking federal sentencing credit for time spent in state and federal custody prior to June 30, 2022—and transferred it to this Court, because Petitioner was incarcerated in Arizona at the time he filed the case.[2] (*Id.* at 2-3.)

## ANALYSIS

Within Claim 1 of the Amended Petition there is a limited allegation that falls under the parameters of 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) should give him credit towards his sentence for the time he spent in state and federal custody prior to June 30, 2022, the date on which BOP calculates that he commenced service of his federal sentence. (Doc. 5 at 5.) Respondent argues that this claim is not exhausted and is without merit.

---

[1] In the Reply, Petitioner asserts he was paroled from state custody and returned to federal custody around April 12, 2022, although he did not reach the facility at which he would begin serving his sentence until June 30, 2022. (Doc. 27 at 2-3.) Petitioner did not provide any evidence to support his assertion; therefore, the Court follows the official documentation provided by Respondent. (Doc. 19, Ex. A ¶ 8 & Attach. 3 at 2.)

[2] Although Petitioner is currently confined in the Fort Worth Medical Center in Texas, this Court's "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

**<u>Exhaustion</u>**

Typically, the Court requires an inmate to exhaust all available administrative remedies before it agrees to reach the merits of a 28 U.S.C. § 2241 claim. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The administrative exhaustion requirement serves several purposes, including protecting an administrative agency's authority by promoting respect for the agency's procedures and by affording it the opportunity to correct its own mistakes before being hauled into court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The requirement also promotes efficiency by advocating a process that is quicker and more economical than resolution in federal court. *Id.* Finally, should the matter ultimately reach the court, the exhaustion requirement facilitates the "preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). However, exhaustion of administrative remedies is not a jurisdictional requirement of a §2241 claim. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). The Court can waive the exhaustion requirement if exhausting administrative remedies would be futile, inadequate, void, or would cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Petitioner contends he submitted a dispute about his sentence computation to "R&D" in Safford, Arizona, where he was held at the time he initiated this case, and the Designation and Sentence Computation Center in Texas. (Doc. 5 at 4.) According to Respondent, however, Petitioner did not complete the proper three-step administrative remedy process before bringing this claim to court. (Doc. 19, Ex. B ¶¶ 15-17 & Attach. 3.) In his Reply, Petitioner took issue with how the Defendant described the administrative remedy process, but he but did not assert that he had properly exhausted this claim or that the process in place prevented him from engaging in administrative exhaustion. (Doc. 27 at 4-5.) Error in the calculation of Petitioner's sentence could have been corrected by way of the administrative process; therefore, exhaustion was not futile. *Luna v. Howard*, No. CV-21-00326-TUC-RM-LCK, 2022 WL 17741575, at *2 (D. Ariz. Sept. 19, 2022), report and recommendation adopted, 2022 WL 17741061 (D. Ariz. Dec. 16, 2022). And

Petitioner's claim "[i]nvolves the BOP's special expertise in calculating and administering sentences"; therefore, proper exhaustion is particularly relevant to his claim. *See Henderson v. McGrew*, No. CV-12-03858-PSG-VBK, 2012 WL 5188043, at *3-4 (C.D. Cal. Sept. 13, 2012) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992), *superseded by statute on other grounds as stated in Booth v. Churner*, 532 U.S. 731, 732 (2001); *United States v. Wilson*, 503 U.S. 329, 335 (1992)), report and recommendation adopted, 2012 WL 5188039 (C.D. Cal. Oct. 16, 2012). Because Petitioner did not exhaust the BOP administrative remedy procedure prior to filing the Petition, it is subject to dismissal. However, for the sake of thoroughness in the Report and Recommendation process, the Court also addresses the claim on the merits.

**Merits**

Petitioner alleges he is entitled to credit for time spent in custody prior to June 30, 2022.[3] The Attorney General, through BOP, is responsible for administering inmate sentences and computation of credit pursuant to § 3585(b). *See Wilson*, 503 U.S. at 337. By statute, a federal sentence commences on "the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute further provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

---

[3] In the Petition, Petitioner also suggests his federal sentence should have been run concurrently with his state parole revocation sentence. (Doc. 5 at 5.) Respondent briefly touched on this allegation in the Answer by correctly noting that the federal court stated expressly that Petitioner's federal sentence was to run consecutively to his not-yet-imposed state sentence. (Doc. 19 at 9 & Ex. A, Attach 2 at 2.) The Court does not further address this part of Petitioner's claim because the Court interprets that portion of the claim as alleging ineffectiveness of counsel (for failing to obtain a concurrent sentence), which the Northern District of Texas retained to address as a § 2255 habeas claim. (Doc. 11 at 2.)

18 U.S.C. § 3585(b).

An inmate is "in custody" under § 3585(a) when the federal government has not only physical custody of the inmate but also primary jurisdiction over him. *Johnson v. Gill*, 883 F.3d 756, 764 (9th Cir. 2018). "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980) (noting that a sovereign with priority jurisdiction may relinquish it to another sovereign). A federal sentence does not commence if the state continues to hold primary jurisdiction. *Johnson*, 883 F.3d at 765 ("A sovereign's priority terminates when the sentence expires, charges are dismissed, or the prisoner is allowed to go free."). A transfer to federal custody pursuant to a writ of habeas corpus ad prosequendum operates as a "loan" and does not interfere with a state's primary jurisdiction. *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)).

Petitioner was first arrested by authorities in Texas, and the state retained primary jurisdiction when he was in the physical custody of federal authorities from December 2020 to October 2021 regarding his federal criminal charges. His federal 69-month sentence was ordered to run consecutive to his state parole revocation sentence. The state did not relinquish primary jurisdiction to the federal government until June 30, 2022, when it re-paroled him from state custody after he completed service of his parole revocation sentence. Therefore, BOP correctly calculated Petitioner's federal sentence to commence on that date.

Under § 3585(b), Petitioner may receive credit towards his federal sentence for time spent in custody prior to the date his sentence commenced, June 30, 2022, only if that time "has not been credited against another sentence." *See also Wilson*, 503 U.S. at 337 ("a defendant could not receive a double credit for his detention time."). All of the time Petitioner spent in custody from December 11, 2020, to June 30, 2022, was credited to his state parole revocation sentence; therefore, it cannot be credited to time served on his

federal sentence. *See Shadabadi v. Apker*, No. CV-10-00061-TUC-DCB-HCE, 2010 WL 5574412, at *5 (D. Ariz. Dec. 22, 2010) (finding Petitioner was not entitled to credit on his federal sentence for time credited to his state parole revocation), report and recommendation adopted, 2011 WL 110499 (D. Ariz. Jan. 12, 2011). Because the BOP correctly calculated Petitioner's sentence, and he is not entitled to credit for any time served prior to June 30, 2022 (when he completed his state parole revocation sentence), there is no basis for habeas relief.

## **RECOMMENDATION**

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition because Petitioner failed to administratively exhaust the claim, and the claim is without merit.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 25-00276-TUC-JCH**.

Dated this 30th day of October, 2025.

*[signature]*
Honorable Lynnette C. Kimmins
United States Magistrate Judge